José Oscar Báez Montalvo, Petitioner and Appellant, *v.* Gerardo Delgado, Warden, Respondent and Appellee.

No. AP-63-37. Decided June 11, 1964.

*José Oscar Báez Montalvo pro se. J. B. Fernández Badillo, Solicitor General,* and *María Luisa B. Fuster, Assistant Solicitor General,* for appellee.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

Mr. Justice Belaval delivered the opinion of the Court.

On a certain day of April or May 1961, while in a small cafe situated in the town of Adjuntas, Puerto Rico, petitioner-appellant was arrested, there having been seized in his possession and on his person a Smith & Wesson revolver. After being arrested, defendant was conducted to the office of the Justice of the Peace of Adjuntas, within the judicial district of Ponce, for the preliminary proceedings of his trial. As the Justice of the Peace of Adjuntas was not in his office, defendant was conducted to the office of the Justice of the Peace of Utuado, within the judicial district of Arecibo. Because of the double action, petitioner-appellant was accused of two violations of §§ 6 (possession) and 8 (carrying) of the Weapons Law of Puerto Rico in the Superior Court of Puerto Rico, Ponce Part, and in the Superior Court of Puerto Rico, Arecibo Part. On May 29, 1961, the Ponce Court ordered him to serve one to two years in the penitentiary and 6 months in jail for both violations, and subsequently on June 14, 1961, the Arecibo Court ordered him to serve 2 to 5 years in the penitentiary and 6 months in jail for the same violations.

Alleging that these second sentences by the Arecibo Court constituted double jeopardy for the same offenses, and furthermore, an action without jurisdiction, petitioner-appellant requested the Superior Court of Puerto Rico, Arecibo Part, in a petition of Habeas Corpus, to order petitioner's immediate release from jail. The trial court denied the petition for the following reason: "This is a Habeas Corpus proceeding challenging the legality of his imprisonment for the reason that he was found guilty of the same offenses in two different jurisdictions and he raises the question of double jeopardy. If that is the case, the plea of having been jeopardized once for the same offense is a privilege of defendant. In such a situation, in view of the case of *People* v. *Huertas*, affirmed by the Supreme Court of the United States, the petition of Habeas Corpus is dismissed."

The case of *Ex parte Huertas et al.,* 22 P.R.R. 489, 490 (Wolf) (1915) on which the trial court relies is not applicable to the substantive question argued herein. The case of *Huertas* is the ordinary case of an offense possibly comprised within another or which is joined to another because of the simultaneity or concatenation of the same act, conduct or impulse. It is in such cases that the plea of former jeopardy is considered waived, unless it is alleged prior to the arraignment or the commencement of the second prosecution, because the request therefor constitutes a privilege. We still have to study, in the proper case, how said procedural theory has been modified by Rule 63 of the Rules of Criminal Procedure of 1963, conferring authority to the court to relieve defendant, for cause shown, from the effects of such waiver.

Now then, the question presented in this case is the possible nullity of the second sentence where it deals with offenses originated in the same criminal act, the correction of which had already been disposed of by virtue of the first sentence imposed by the court with jurisdiction over the matter, according to the place where the criminal act was committed and the distribution of judicial jurisdiction.

 Relying on the constitutional principle that a person accused of a crime shall be tried by 12 jurors, residents of his district—See, for example, Art. II, § 11 of the Constitution of the Commonwealth of Puerto Rico—the rule has been established that the information shall refer to the place in which the crime was committed and the trial shall be held in the same place. It hence follows that as a general rule the plea of former jeopardy is available only in the district court in which the former proceeding was held, because if the crime had been committed in another district in which the second prosecution was pending, then the former prosecution would have been held without jurisdiction, the first sentence would be null and void and there could be no former

jeopardy. On the contrary if the venue for the first prosecution had been the proper one in relation to the place where the crime was committed, the second prosecution would be without jurisdiction, the sentence for said second prosecution would be null and void and the plea prior to the arraignment or to the trial as to the former jeopardy would not be necessary for defendant's protection: 15 Am. Jur. 41, § 361 (1938). The case would be reduced to deciding the possible nullity of the second sentence, in case it had been rendered.

Little or scarce discussion is necessary to support the assertion that a second sentence for a crime for which defendant had already been sentenced is wholly null and void. If we were not of the opinion that this is a judgment rendered without jurisdiction, which is correct, still our power of supervision over the due and orderly administration of justice by trial courts would be sufficient authority to prevent said anomaly.

█ There is no doubt as to the availability of Habeas Corpus proceedings in case of null and void sentences: *Valentín* v. *Warden*, 80 P.R.R. 450, 460, 462 (Hernández Matos) (1958); *Coll Moya* v. *Warden, Municipal Jail*, 89 P.R.R. 221, 228 (Dávila) (1963).

For the reasons stated the judgment rendered by the Superior Court of Puerto Rico, Arecibo Part, on June 25, 1963, will be reversed.